PETER D. KEISLER
Assistant Attorney General
Civil Division
THOMAS W. HUSSEY
Director
DAVID V. BERNAL
Assistant Director
KURT B. LARSON
Attorney
Office of Immigration Litigation
United States Department of Justice
Civil Division
    P.O. Box 878, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 616-9321

MARCOS DANIEL JIMENEZ
United States Attorney
Wendy Jacobus
Chief, Civil Division
Dexter A. Lee
Assistant United States Attorney
    99 N.E. Fourth Street
    Miami, Florida 33132
    Telephone: (305) 961-9320

04-21655

CIV-ALTONAGA

MAGISTRATE
BANDSTRA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA, )
                    Plaintiff, )
                  v. )
MARIO MICHAEL MORAES, )
                  Defendant. )

No.

COMPLAINT TO REVOKE
NATURALIZATION

I.     <u>JURISDICTION AND VENUE</u>

    1. This is an action under Section 340(a) of the Immigration and Nationality Act of 1952, as amended (the "INA"), 8 U.S.C. § 1451(a), to revoke and set aside the order admitting the defendant to citizenship and to cancel defendant's certificate of naturalization.

    2. The affidavit of Janette Martinez, an Associate General Counsel of the Immigration and Naturalization Service of the United States Department of Justice, showing good cause for

Complaint to Revoke
Naturalization - Page 1

this action is attached as Exhibit A.

3. The plaintiff is the United States of America, and this Court has jurisdiction pursuant to 28 U.S.C. § 1345.

4. The defendant is Mario Michael Moraes, a naturalized United States citizen whose last known residence is 921 N.E. 84th St., Miami, Florida 33138; therefore, venue is proper in this district. 8 U.S.C. § 1451(a).

II.    FACTUAL BACKGROUND

   A.    Defendant's Naturalization Proceedings

5. Defendant became a lawful permanent resident alien of the United States on May 30, 1989.

6. On August 22, 1994, defendant filed with the United States Immigration and Naturalization Service (the "INS") an "Application for Naturalization" - INS Form N-400.

7. Defendant filed his application based upon his eligibility as a lawful permanent resident for at least five years. INA § 316; 8 U.S.C. § 1427.

8. Part 7, Question 15(b) of the N-400 asks: "Have you ever: . . . been arrested, cited, charged, indicted, convicted, fined or imprisoned for breaking or violating any law or ordinance excluding traffic regulations?"

9. Defendant's response to Part 7, Question 15(b) was "Yes". Defendant indicated that he had only been arrested twice. He elaborated in the N-400 that on May 1, 1993, he had been arrested for disorderly intoxication, and the case was nolle processed. He also stated on the application that on May 21, 1993, he was arrested for petit larceny, and the case was dismissed.

10. On June 30, 1994, defendant signed his application for naturalization under penalty of perjury, thereby swearing or affirming that the contents of the application were true and correct.

11. On September 12, 1995, defendant was interviewed, under oath, by an officer of the INS regarding his application for naturalization. During said interview, the INS officer asked the defendant whether he had ever been arrested, and defendant responded and testified that he had

only been arrested in 1993 for disorderly intoxication and petit larceny. Moreover, defendant again signed a sworn statement, during his interview, that the contents of his application, as amended, were true.

12. Following the September 12, 1995 interview, the INS officer rescheduled defendant for a re-examination on November 30, 1995, and requested that defendant bring certified copies of his 1993 arrest and disposition records for disorderly intoxication and petit larceny to that interview.

13. Based upon defendant's answers to the questions on his application, his oral testimony during his interview of September 12, 1995, and the certified copies of the 1993 arrest and disposition records, the INS approved defendant's application for naturalization on November 30, 1995.

14. On December 19, 1995, before he was allowed to take the oath of allegiance, defendant signed and submitted to the INS a Notice of Naturalization Oath Ceremony, INS Form N-445A, certifying that his answers to the questions contained therein were true and correct.

15. Question 3 on the reverse side of the Form N-445A asks, <u>inter alia</u>, whether, since the date of the applicant's initial interview, the applicant has been: "arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance including traffic violations[.]"

16. Defendant's response to Question 3 was "No."

17. On December 19, 1995, defendant took the oath of allegiance, was admitted to United States citizenship, and was issued Certificate of Naturalization No. 21484798.

18. Section 316(a)(3) of the INA, 8 U.S.C. § 1427(a)(3), provides that no person shall be naturalized unless the person "during all periods referred to in this subsection has been and still is a person of good moral character . . . ." Under section 316(a), 8 U.S.C. §1427(a), the period for which good moral character is required begins five years prior to filing of the application for naturalization and extends until the applicant is admitted to United States citizenship. Accordingly, defendant needed to be a person of good moral character from August 22, 1989,

through December 19, 1995.

B. <u>Defendant's Criminal Record and Probation Sentence</u>

19. On October 16, 1991, defendant was arrested pursuant to Florida criminal statute 316.193, for driving under the influence of alcohol and was convicted on December 21, 1991. The offense was committed on October 16, 1991.

20. On October 23, 1992, defendant was arrested pursuant to Florida criminal statute 810.08, for burglary. No action was taken on his case, and the records were sealed.

21. On May 26, 1995, defendant was arrested for aggravated battery and carrying a concealed weapon.

22. On August 21, 1995, defendant pled guilty to aggravated battery, in violation of sections 784.045 (1) (a) (2) and 775.087 of the Florida Statutes, and the Circuit Court of the Eleventh Circuit for Dade County, Florida entered an order withholding adjudication of guilt, and sentenced him to three years probation. The offense was committed on May 26, 1995.

23. The offense of aggravated battery, in violation of section 784.045 (1)(a)(2) of the Florida Statutes, is a crime involving moral turpitude for which the potential penalty is more than one year imprisonment.

24. On October 12, 1995, defendant was arrested for driving under the influence and carrying a concealed weapon, pursuant to Florida criminal statutes 316.193 and 790.01(1), respectively.

25. On December 16, 1995, defendant was arrested for disorderly conduct, exposure of sexual organs and lewd and lascivious behavior pursuant to Florida criminal statutes 877.03. 800.03, and 796.07 respectively.

III. <u>THE RELEVANT LAW</u>

26. Under section 340(a) of the INA, 8 U.S.C. § 1451(a), the order admitting defendant to United States citizenship must be revoked and set aside, and his Certificate of Naturalization must be canceled if his naturalization was <u>either</u>:

(a) illegally procured, <u>or</u>

(b)     procured by concealment of a material fact or by willful misrepresentation.

## COUNT I

### Illegal Procurement of United States Citizenship: Lack of Good Moral Character
### Convictions Barring Good Moral Character

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 of this Complaint.

28. Section 101(f)(3) of the INA, 8 U.S.C. § 1101(f)(3), bars a finding of good moral character to any person who, during the period for which good moral character is required to be established, was convicted of a crime involving moral turpitude as described in INA § 212(a)(2)(A)(i), 8 U.S.C. §1182(a)(2)(A)(i), if the offense described therein for which such person was convicted was committed during such period, and the exception provided at INA § 212(a)(2)(A)(ii), 8 U.S.C. § 1182(a)(2)(A)(ii), does not apply.

29. As set forth in paragraphs 21-23, the defendant was convicted on August 21, 1995, of a crime involving moral turpitude (aggravated battery), which occurred during the period of time in which he needed to establish good moral character as set forth in paragraph 18 (August 22, 1989 - December 19,1995).

30. As a result of his August 21, 1995 conviction for a crime involving moral turpitude, which was also committed during the relevant period for good moral character as set for in paragraph 18, defendant was statutorily precluded from establishing good moral character. INA §§ 101(f)(3), 212(a)(2)(A)(i); 8 U.S.C. §§ 1101(f)(3), 1182(a)(2)(A)(i). The exception set forth in INA § 212(a)(2)(A)(ii), 8 U.S.C. § 1182(a)(2)(A)(ii), does not apply to defendant because he was convicted of an offense for which the maximum penalty exceeded one year of imprisonment.

31. Because defendant was not a person of good moral character, as required by law, he was ineligible for naturalization under section 316(a)(3) of the INA, 8 U.S.C. § 1427(a)(3).

32. As a person ineligible to naturalize, defendant's naturalization was illegally procured, and the order admitting him to the United States must be revoked and set aside, as provided for in section 340(a) of the INA, 8 U.S.C. § 1451(a).

## COUNT II

### Illegal Procurement of United States Citizenship: Lack of Good Moral Character
### Defendant's False Testimony Barring Finding of Good Moral Character

33. Plaintiff realleges and incorporates by reference paragraphs 1 through 32 of this Complaint.

34. Section 101(f)(6) of the INA, 8 U.S.C. § 1101(f)(6), bars a finding of good moral character to any person who, during the time in which he must establish good moral character, provides false testimony for the purpose of obtaining an immigration benefit.

35. As set forth in paragraph 11, defendant testified orally under oath that he had only been arrested on two occasions in 1993.

36. As set forth in paragraphs 19 through 21, defendant had been arrested on three other occasions in 1991, 1992, and 1995. Accordingly, defendant provided false testimony to obtain naturalization.

37. Because defendant provided false testimony in order to obtain naturalization, during the period of time in which he needed to establish good moral character, he was statutorily precluded from establishing good moral character. INA § 101(f)(6), 8 U.S.C. § 1101(f)(6).

38. Accordingly, as defendant was not a person of good moral character, as required by law, he was ineligible for naturalization under section 316(a)(3) of the INA, 8 U.S.C. § 1427(a)(3).

39. As a person ineligible to naturalize, defendant's naturalization was illegally procured and the order admitting him to United States citizenship must be revoked and set aside, as provided for in section 340(a) of the INA, 8 U.S.C. § 1451(a).

## COUNT III

### Illegal Procurement of United States Citizenship:
### Probation Barring Approval of Naturalization Application

40. Plaintiff realleges and incorporates by reference paragraphs 1 through 39 of this Complaint.

41. Under 8 C.F.R. 316.10(c)(1), the INS may not approve an application for

Complaint to Revoke
Naturalization - Page 6

naturalization while an applicant remains on probation.

42. As set forth in paragraph 22, defendant was placed on probation for a period of three years on August 21,1995, as a result of his aggravated battery conviction. Thus, defendant remained on probation on November 30, 1995, the date that his application for naturalization was approved, as well as on December 19, 1995, the date he was admitted to United States citizenship.

43. Because defendant was on probation, the INS was precluded from approving his application for naturalization, and he was thus ineligible for naturalization under 8 C.F.R. § 316.10(c)(1).

44. As a person ineligible to naturalize, defendant's naturalization was illegally procured and the order admitting him to United States citizenship must be revoked and set aside, as provided for in Section 340(a) of the INA, 8 U.S.C. § 1451(a).

## COUNT IV

### Procurement of United States Citizenship by Willful Misrepresentation or Concealment of a Material Fact

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 44 of this Complaint.

46. As set forth in paragraphs 9 through 13, in response to Part 7, Question 15(b) on his application for naturalization, defendant willfully misrepresented that he had only been arrested on two occasions in 1993. Moreover, during his naturalization interview, defendant testified willfully misrepresenting that he had only been arrested in 1993 for disorderly intoxication and petit larceny.

47. As set forth in paragraphs 14-16, in response to Question 3 on the reverse side of his Form N-445A, defendant willfully misrepresented that, since the date he was first interviewed, he had not been arrested or convicted for violating any law or ordinance, including traffic violations.

48. Defendant's arrests and convictions as set forth in paragraphs 19-25 are material facts taken individually and cumulatively. See INA §§ 101(f)(3), 212(a)(2)(A)(i)(I); 8 U.S.C. §§ 1101(f)(3), 1182(a)(2)(A)(i)(I); see also 8 C.F.R. § 316.10(c)(1).

49. Defendant procured his naturalization by willful misrepresentation and concealment of material facts.

50. Because defendant procured his naturalization by willful misrepresentation and concealment of material facts, the order admitting him to United States citizenship must be revoked and set aside, as provided by section 340(a) of the INA, 8 U.S.C. § 1451(a).

WHEREFORE, plaintiff demands:

Judgment revoking and setting aside the order of the Attorney General of the United States admitting the defendant to United States citizenship, and canceling Certificate of Naturalization No. 21484798.

Judgment forever restraining and enjoining defendant from claiming any rights, privileges, or advantages under any document which evidences United States citizenship obtained as a result of defendant's December 19, 1995 naturalization.

Judgment requiring the defendant to surrender and deliver his Certificate of Naturalization, and any other indicia of United States citizenship, as well as any copies thereof in his possession, to the Attorney General immediately; and

Judgment granting plaintiff any other relief that may be lawful and proper.

Respectfully Submitted,

MARCOS DANIEL JIMENEZ
United States Attorney
Wendy Jacobus
Chief, Civil Division

_____
Dexter A. Lee
Assistant United States Attorney
99 N.E. Fourth Street
Miami, Florida 33132
Fla. Bar No. 0936693
Telephone: (305) 961-9320
Fax: (305) 530-7139

PETER D. KEISLER
Assistant Attorney General
Civil Division

THOMAS W. HUSSEY
Director
DAVID V. BERNAL
Assistant Director

for _____
KURT B. LARSON
Attorney
Office of Immigration Litigation
U.S. Dept. of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9321

Complaint to Revoke
Naturalization - Page 8

```
UNITED STATES OF AMERICA      )
                              )
DISTRICT OF COLUMBIA          )
```

In the Matter of the Revocation
    of the Naturalization of

    Mario Michael Moraes,                    **AFFIDAVIT OF GOOD CAUSE**
    A41-536-995

I, Janette Martinez, declare under penalty of perjury as follows:

I. I am an Associate General Counsel of the Immigration and Naturalization Service (INS), United States Department of Justice. In this capacity, I have access to the official records of the INS, including the INS file of Mario Michael Moraes, A41-536-995.

II. I have examined the records relating to Mr. Moraes. Accordingly, I state, on information and belief, that the information set forth in this Affidavit of Good Cause is true and correct.

III. Mr. Moraes filed an application for naturalization, INS Form N-400, with the Miami District office of the INS on August 22, 1994. He was interviewed under oath by an INS officer on September 12, 1995, to determine his eligibility for naturalization. Based on the information contained on his naturalization application and his testimony at the naturalization interview, Mr. Moraes's naturalization application was approved on November 30, 1995. Consequently, Mr. Moraes took the oath of allegiance on December 19, 1995, and on that date he was admitted as a citizen of the United States. He was issued a Certificate of Naturalization, number 21 484 798.

IV. Mr. Moraes was not eligible for naturalization; therefore, he illegally procured his naturalization.



A.  Mr. Moraes was not eligible for naturalization because he could not have established that he was a person of good moral character. As an applicant for naturalization pursuant to section 316(a) of the Immigration and Nationality Act, 8 U.S.C. § 1427(a), Mr. Moraes was required to prove that he was a person of good moral character from August 22, 1989, five years before he filed his application for naturalization, until December 19, 1995, the date on which he took the oath of allegiance.

1.  Mr. Moraes could not have established that he was a person of good moral character because, during the statutory period required for good moral character, he committed and was convicted of a crime involving moral turpitude for which the maximum possible penalty exceeded imprisonment for one year.

    a.  An individual is precluded from establishing good moral character if, during the statutory period, he commits and is convicted of a crime involving moral turpitude for which the maximum possible penalty exceeds imprisonment for one year.

    b.  On August 21, 1995, during the statutory period, Mr. Moraes pled guilty to aggravated battery, in violation of section 784.045(1)(a)(2) of the Florida Statutes, and the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida entered an order withholding adjudication of guilt. Mr. Moraes committed this offense on May 26, 1995, also during the statutory period.

2

      c.    An order withholding adjudication of guilt in Florida is a conviction for immigration purposes.

      d.    Aggravated battery, in violation of section 784.045(1)(a)(2) of the Florida Statutes, is a crime involving moral turpitude punishable by a maximum term of imprisonment of fifteen years.

      e.    Accordingly, Mr. Moraes could not have established that he was a person of good moral character because, during the statutory period, he committed and was convicted of a crime involving moral for which the maximum possible penalty exceeded imprisonment for one year.

2.    Mr. Moraes could not have established that he was a person of good moral character because, during the statutory period, he provided false testimony for the purpose of obtaining his naturalization.

      a.    An individual who provides false testimony during the statutory period to obtain any benefit under the Immigration and Nationality Act, including naturalization, is precluded from establishing good moral character.

      b.    On September 12, 1995, during the statutory period, Mr. Moraes appeared before Judie Flagg, an officer of the INS, for an interview regarding his application for naturalization.

3

c. At the beginning of the naturalization interview, Mr. Moraes took an oath or affirmed that he would answer all questions truthfully.

d. During the course of the naturalization interview, and in order to adjudge his eligibility for naturalization, INS Officer Flagg asked Mr. Moraes whether he had ever been arrested.

e. In response to this question, Mr. Moraes testified that he had only been arrested in 1993 for disorderly intoxication and petit larceny.

f. This testimony was false because Mr. Moraes had also been arrested on three other occasions before his naturalization interview.

   i. Mr. Moraes was arrested for driving under the influence of alcohol on October 16, 1991. He was convicted of this offense on December 21, 1991.

   ii. On October 23, 1992, Mr. Moraes was arrested for burglary.

   iii. On May 26, 1995, less than four months before his naturalization interview, Mr. Moraes was arrested for aggravated battery and carrying a concealed weapon. He was convicted of both charges on August 21, 1995, one month before his naturalization interview, and sentenced to probation for three years. Mr. Moraes was on

4

      probation when he was interviewed by the INS officer.

  g. Mr. Moraes's false testimony concealed that he was precluded from establishing good moral character and that the INS was precluded from approving his application for naturalization.

  h. Because he provided false testimony in order to obtain his naturalization, Mr. Moraes could not have established that he was a person of good moral character.

B. Mr. Moraes was not eligible for naturalization because he was on probation when his application for naturalization was approved.

  1. The INS is precluded, by law, from approving an application for naturalization while an applicant for naturalization is on probation.

  2. On August 21, 1995, Mr. Moraes was convicted of aggravated battery and sentenced to probation for three years. His term of probation expired on August 20, 1998.

  3. Accordingly, Mr. Moraes was on probation when his application for naturalization was approved on November 30, 1995.

  4. Because Mr. Moraes was on probation, the INS could not have lawfully approved his application for naturalization. Therefore, he was ineligible for naturalization.

V. Mr. Moraes procured his naturalization by willful misrepresentation and concealment of material facts.

A.  Mr. Moraes willfully misrepresented and concealed his true and complete criminal history throughout his naturalization proceeding.

    1.  Mr. Moraes willfully misrepresented and concealed his true and complete criminal history when he completed his naturalization application.

        a.  On his naturalization application, Mr. Moraes represented that he had only been arrested twice: on May 1, 1993 for disorderly conduct and on May 21, 1993 for petit larceny. He represented that he had not been prosecuted for the disorderly intoxication charge and that the petit larceny charge had been dismissed.

        b.  Mr. Moraes signed his application for naturalization on June 30, 1994, thereby certifying, under penalty of perjury, that his application was true and correct.

        c.  In fact, when Mr. Moraes completed his naturalization application, he had also been arrested on two other occasions and convicted once. As stated above, Mr. Moraes was arrested and convicted of driving under the influence of alcohol in 1991 and arrested for burglary in 1992.

    2.  Mr. Moraes willfully misrepresented and concealed his true and complete criminal history when he was interviewed by an INS officer.

6

    a.    During his naturalization interview on September 12, 1995, Mr. Moraes testified that he had only been arrested in 1993 for disorderly intoxication and petit larceny.

    b.    At the end of his naturalization interview, Mr. Moraes swore that the contents of his naturalization application were true.

    c.    In fact, when Mr. Moraes appeared for his naturalization interview, he had also been arrested on three other occasions and convicted twice. As stated above, Mr. Moraes was arrested and convicted of driving under the influence of alcohol in 1991, arrested for burglary in 1992, and arrested and convicted of aggravated battery and carrying a concealed weapon in 1995.

3.    Mr. Moraes willfully misrepresented and concealed his criminal history when he appeared to take the oath of allegiance.

    a.    On December 19, 1995, before he was allowed to take the oath of allegiance, Mr. Moraes submitted INS Form N-445A, Notice of Naturalization Oath Ceremony, to an officer of the INS.

    b.    On this form, Mr. Moraes represented that he had not been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance, including traffic violations, after

7

        the date of his naturalization interview on September 12, 1995.

  c.  This representation was false. In fact, Mr. Moraes had been arrested twice after the date of his naturalization interview.

    i.  On October 12, 1995, Mr. Moraes was arrested for driving under the influence of alcohol and carrying a concealed weapon.

    ii.  On December 16, 1995, three days before he completed INS Form N-445A, Mr. Moraes was arrested for exposure of sexual organs, lewd and lascivious behavior, and disorderly conduct. These charges were still pending when Mr. Moraes took the oath of allegiance on December 19, 1995. On February 8, 1996, after his naturalization, Mr. Moraes pled guilty and was convicted of exposure of sexual organs. He was placed on probation for six months.

B.  Mr. Moraes's criminal history was material to determining his eligibility for naturalization because it would have had the natural tendency to influence the INS decision whether to approve his application for naturalization. Mr. Moraes's conviction and sentence for aggravated battery precluded him from establishing that he was a person of good moral character and precluded the INS from approving his application for naturalization. Furthermore, based on Mr. Moraes's criminal history after his naturalization application was approved, the INS was required, by

8

       regulation, to reopen and deny his application because he could not have shown that he was eligible for naturalization.

    C.    Mr. Moraes's concealments and misrepresentations enabled him to procure his naturalization.

VI.    Based on the facts outlined in the foregoing paragraphs, good cause exists to institute proceedings pursuant to section 340(a) of the Immigration and Nationality Act, 8 U.S.C. § 1451(a), to revoke Mr. Moraes's citizenship, and to cancel his Certificate of Naturalization.

VII.    Mr. Moraes's last known place of residence is 921 N.E. 84th Street, Miami, Florida, 33138.

DECLARATION IN LIEU OF JURAT
(28 U.S.C. § 1746)

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 22, 2000.

_____
Janette M. Martinez
Associate General Counsel
Immigration & Naturalization Service

9

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
MARIO MICHAEL MORAES

04-21655

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Miami-Dade__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Dexter A. Lee, Assistant U.S. Attorney
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
(305) 961-9320

ATTORNEYS (IF KNOWN)
Avelino Gonzalez, Esq.
6780 Coral Way
Miami, Florida 33155

CIV-ALTONAGA

MAGISTRATE
BANDSTRA

(d) CIRCLE COUNTY WHERE ACTION AROSE: (DADE,) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | B☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS - Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)
Action to revoke naturalization under 8 U.S.C. 1451(a)

LENGTH OF TRIAL
via __1__ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 7-7-4

SIGNATURE OF ATTORNEY OF RECORD: Dexter A. Lee
DEXTER A. LEE, Assistant U.S. Attorney

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.